UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON HILL,<br>  Plaintiff,<br>v.<br>ULLA V. JACOBSON, et al.,<br>  Defendants. | Case No. 15-cv-01695-JST<br><br>**ORDER OF DISMISSAL** |

Defendants removed this unlawful detainer case from the Alameda County Superior Court on April 14, 2015. ECF No. 1. Defendants state that this Court has original jurisdiction under 28 U.S.C. section 1331, and "is one which may be removed to this Court by Defendant . . . in that it arises under 18 U.S.C. Section 12131 et Seq. [sic]."

On the same date, Defendants filed a Request for Dismissal in the Alameda Court. ECF No. 5. The Alameda Court granted the request and dismissed the case on April 16, 2015. Id.

This Court must first determine whether it has jurisdiction to hear the case. "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to [a] district court." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134(2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The court "resolves all ambiguity in favor of remand." Hunter, 582 F.3d at 1042.

There is no federal jurisdiction here.  Defendants based their removal petition on 28 U.S.C. section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  But the "law . . . of the United States" under which they claim the case arises is "18 U.S.C. Section 12131," a citation which does not describe an actual statute – i.e., there is no federal law by that description.  Furthermore, the underlying case is one for unlawful detainer, which is clearly a matter of California state law.  Therefore, because Defendants have not established any basis for federal jurisdiction, the Court would ordinarily remand the matter back to state court.

But that raises another problem: there is no longer a state court proceeding.  As previously noted, the Alameda Court dismissed its action on April 16, 2015.  So it appears the action is moot.

There is still an argument to be made for remand:  the Alameda Court was prohibited by the federal removal statute from taking any action once Defendants filed their Notice of Removal.  28 U.S.C. § 1446(d) ("the State court shall proceed no further unless and until the case is remanded"); Laguna Vill., Inc. v. Laborers' Int'l Union of N. Am., 35 Cal. 3d 174, 180 (1983) ("Under modern practice, the state court's jurisdiction is suspended from the moment of removal until the case is remanded to it by the federal court.").  So perhaps the dismissal in state court was ineffective.  This Court could certainly remand to that court and make the Plaintiffs file another request for dismissal.

Common sense dictates otherwise, however.  And California law "neither does nor requires idle acts." Cal. Civ. Code § 3532.  The sensible thing for this Court to do is to acknowledge that there is no longer any dispute, and dismiss the action.  The Court now does so, without prejudice.

IT IS SO ORDERED.

Dated: May 1, 2015

JON S. TIGAR
United States District Judge